**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aluminum Trailer Company, | No. CV-20-00140-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Sidi Spaces LLC, et al., | |
| Defendants. | |

Before the Court is Defendants' motion to certify order for interlocutory appeal, which is fully briefed. (Docs. 29, 33, 34.) For the following reasons, Plaintiff's motion is denied.

**I. Background**

On March 18, 2020, Defendants filed a motion to dismiss that argued, *inter alia*, that counts I through IV of Plaintiff's complaint, bringing causes of action for defamation and trade libel based on alleged pre-suit communications made by Defendants to third parties outside the anticipated litigation, are foreclosed by the *Noerr-Pennington* doctrine. (Doc. 9.) On July 17, 2020, the Court denied Defendants' motion, concluding that the *Noerr-Pennington* doctrine did not foreclose counts I through IV because the defamatory communications on which Plaintiff's defamation and trade libel claims were based did not constitute protected petitioning activity or activity sufficiently related to petitioning activity. (Doc. 23.) On October 8, 2020, Defendants moved to certify for interlocutory

appeal the following question: "Does the *Noerr-Pennington* doctrine bar the Plaintiff's claims as alleged in the Complaint (Doc. 1)?"

## II. Legal Standard

Federal appeal courts have jurisdiction over appeals from all final decisions of the district courts. 28 U.S.C. § 1291. However, an appellate court may also have jurisdiction to hear an appeal of an otherwise non-appealable district court order in rare circumstances in which such order involves (1) a controlling question of law as to which there is (2) substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Section 1292(b) "is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1098 n.6 (9th Cir. 2002). "[E]ven when all three statutory criteria are satisfied," however, "district court judges have 'unfettered discretion' to deny certification." *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1068 (D. Ariz. 2015) (quotation omitted).

## III. Discussion

Certification for interlocutory appeal is inappropriate because the proposed question—whether the *Noerr-Pennington* doctrine "bar[s] the Plaintiff's claims as alleged in the Complaint"—is not a pure question of law. *See C.M. v. U.S.*, No. CV-19-05217-PHX-SRB, 2020 WL 5232560, at *2 (D. Ariz. July 6, 2020) (citation omitted) ("In addition to being 'controlling,' the issues must be 'pure' questions of law."); *XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1193 (D.N.M. 2016) (quotation omitted) ("The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law."); *Porter v. Mabus*, No. 1:07-CV-0825 AWI SMS, 2014 WL 669778, at *2 (E.D. Cal. Feb. 20, 2014) (citation omitted) ("The antithesis of a proper § 1292(b) appeal is one that turns on [] whether the district court properly applied settled law to the facts."). Looking to Defendants' proposed question, it is apparent that this is not a

"matter the court of appeals 'can decide quickly and cleanly without having to study the record.'" *C.M.*, 2020 WL 5232560, at *2 (quotation omitted). Rather, the question requires the Ninth Circuit to study whether the facts forming the basis of Plaintiff's defamation and trade libel claims constitute communications within the protection of the Petition Clause triggering the *Noerr-Pennington* doctrine.

Even if Defendants had sought to certify a pure question of law, certification is nevertheless inappropriate because, even assuming that the Ninth Circuit were to conclude on interlocutory appeal that the *Noerr-Pennington* doctrine does foreclose Plaintiff from pursuing counts I through IV, eleven counts would remain. *See Villareal*, 85 F. Supp. 3d at 1072 (Where "a substantial amount of litigation remains in the case regardless of the correctness of the Court's ruling . . . arguments that interlocutory appeal would advance the resolution of the litigation are unpersuasive."). The Court therefore concludes an interlocutory appeal is unlikely to materially advance the ultimate termination of this litigation. For these reasons,

**IT IS ORDERED** that Defendants' motion to certify order for interlocutory appeal (Doc. 29) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' motion for stay and expedited ruling request (Doc. 30) is **DENIED AS MOOT.**

Dated this 2nd day of December, 2020.

Douglas L. Rayes
United States District Judge